UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY BAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>        Defendants. | Case No. 23-cv-3041 NC (PR)<br><br>**ORDER OF SERVICE; ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 2 |

Plaintiff is a civil detainee Coalinga State Hospital, awaiting his commitment trial under California's Sexually Violent Predator Act. Dkt. No. 1 ("Complaint") at 5. He filed the Complaint *pro se*, pursuant to 42 U.S.C. § 1983, concerning events which occurred at a jail in Alameda County, where Plaintiff temporarily was housed. *See generally, id.*

The Complaint and Plaintiff's motion to proceed in forma pauperis ("IFP") are now before the Court. For the reasons that follow, the Court orders service upon Defendants.

## BACKGROUND

I. <u>Legal Standard</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

1

governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

II. Plaintiff's Claims

From September 15, 2022, to December 5, 2022, Plaintiff was housed at Alameda County Jail while awaiting his civil commitment trial. *See* Compl. at 5, 9.

First, Plaintiff claims that Alameda County and the Alameda County Sheriff's Department have a policy ("Policy") of (1) failing to house persons detained under California Welfare and Institutions Code § 6600 separate from the general prison population, in violation of his Eighth Amendment rights; and (2) failing to treat persons detained under California Welfare and Institutions Code § 6600 differently from the general prison population, in violation of his Fourteenth Amendment rights. *See generally,* Compl.; *see also Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004) (discussing similar claims).

Second, Plaintiff alleges that he was attacked by criminal detainees because the Policy required him to be housed with them. Compl. at 6-7. He thus claims that the Policy prevented officers at Alameda County Jail from adequately protecting him. A pretrial detainee's safety or medical care claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an *objective* deliberate-indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). This claim thus arises under the Fourteenth Amendment.

governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

II. Plaintiff's Claims

From September 15, 2022, to December 5, 2022, Plaintiff was housed at Alameda County Jail while awaiting his civil commitment trial. *See* Compl. at 5, 9.

First, Plaintiff claims that Alameda County and the Alameda County Sheriff's Department have a policy ("Policy") of (1) failing to house persons detained under California Welfare and Institutions Code § 6600 separate from the general prison population, in violation of his Eighth Amendment rights; and (2) failing to treat persons detained under California Welfare and Institutions Code § 6600 differently from the general prison population, in violation of his Fourteenth Amendment rights. *See generally,* Compl.; *see also Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004) (discussing similar claims).

Second, Plaintiff alleges that he was attacked by criminal detainees because the Policy required him to be housed with them. Compl. at 6-7. He thus claims that the Policy prevented officers at Alameda County Jail from adequately protecting him. A pretrial detainee's safety or medical care claim arises under the Fourteenth Amendment's Due Process Clause and is governed by an *objective* deliberate-indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). This claim thus arises under the Fourteenth Amendment.

Third, Plaintiff alleges that he was denied adequate medical care for two days following this attack. *See* Compl. at 7-9. This claim arises under the Fourteenth Amendment. *See Gordon*, 888 F.3d at 1125.

Liberally construed, Plaintiff has stated cognizable claims that his Fourteenth Amendment rights were violated by the Policy.

**CONCLUSION**

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto, a magistrate judge jurisdiction consent form, and a copy of this order to Defendants Alameda County and the Sheriff of Alameda County. The Clerk of the Court shall also mail a courtesy copy of the amended complaint and a copy of this order to the Office of the County Counsel for Alameda County. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, Defendants will be required to serve and file an answer within **sixty (60) days** from the date on which the request for waiver was sent to them. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3.   No later than **twenty-eight (28) days** from the date the form is sent from the Court, Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction.

4.   No later than **sixty (60) days** from the date the waivers are sent from the Court, Defendants shall file a dispositive motion, such as a motion to dismiss or a motion for summary judgment, with respect to the cognizable claims in the amended complaint, raising any merits challenges or affirmative defenses they may have to those claims.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).   Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.

5.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

6.   Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendants' counsel.

4

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Plaintiff's motion to proceed IFP is **GRANTED**. *See* Dkt. No. 2.

**IT IS SO ORDERED.**

DATED:   September 29, 2023

NATHANAEL M. COUSINS
United States Magistrate Judge